UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VICKI SCHROEDER, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SMITHS FOOD & DRUG CENTERS, INC., ) <br> ) <br> Defendant. ) <br> ) | 2:12-cv-02024-LRH-NJK <br><br> **O R D E R** |

This matter comes before the Court on Plaintiff's Motion to Compel Discovery Responses from Defendant (#19). The Court has considered Plaintiff's Motion to Compel (#19), and Defendant's Response (#25). Plaintiff has not filed a Reply. The Reply was due by September 30, 2013. *See* Docket No. 25. The Court finds that this motion is appropriately resolved without oral argument. *See* Local Rule 78-2.

**BACKGROUND**

This is a slip and fall case stemming from an incident on October 17, 2010, in which Plaintiff Vicki Schroeder allegedly slipped and fell on the sidewalk when approaching the entrance at one of Defendant's stores in Las Vegas, Nevada. *See* Docket No. 19, at 3. It was raining when the incident occurred and, according to Defendant, the concrete at the store where the incident occurred was a brownish color and had a surface made up of polished concrete. Docket No. 25, at 2.

On October 9, 2012, Schroeder filed the present lawsuit in the District Court of Clark County, Nevada. Docket No. 1-1. Defendant removed the case to the United States District Court

1    for the District of Nevada on November 26, 2012. Docket No. 1. On January 2, 2013, the Court

3   entered a scheduling order and discovery plan setting the discovery deadline for November 26,

4   2013. Docket No. 9. On September 19, 2013, Plaintiff requested an extension of certain

5   discovery deadlines. Docket No. 21. The Court denied that request on September 25, 2013.

6   Docket No. 28.

7        Presently before the Court is Plaintiff's Motion to Compel, Docket No. 19, which

8   indicates that, after extensive meet and confer efforts, the parties have not been able to reach an

9   agreement as to the scope of discovery related to prior slip and fall accidents at Smith's stores.

10  Docket No. 19, at 3.

## DISCUSSION

12       Plaintiff is requesting prior slip and fall information, for the three-year period prior to the

13  incident, related to "(1) slip and fall claims on the sidewalk of all Smith's stores in Las Vegas

14  and/or (2) all slip and fall information for the Smith's store at issue." Docket No. 19, at 3.

15       Federal Rule of Civil Procedure 37 allows parties to move to compel responses to

16  discovery requests when a response has not been properly provided. Fed.R.Civ.P. 37(a)(1),

17  (a)(3)(B).  The scope of discovery is broad and parties must respond to any request that is

18  "reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).

19  This encompasses any matter that bears on, or that reasonably could lead to other matters that

20  could bear on, any issue that is or may be in the case. *Oppenheimer Fund, Inc. v. Sanders,* 437

21  U.S. 340, 351 (1978).  This principle must be liberally construed to provide litigants with the

22  information essential to resolving disputed facts in an expeditious manner. *See Shoen v. Shoen,* 5

23  F.3d 1289, 1292 (9th Cir.1993). In slip and fall cases, "actual or constructive notice of the

24  dangerous condition is relevant on the question of Defendant's liability." *Demena v. Smith's Food*

25  *& Drug Centers, Inc.*, 2012 WL 3962381 (D. Nev. Sept. 10, 2012).

26       For example, in *Snyder v. Fred Meyer Stores, Inc.*, the plaintiff alleged that she slipped

27  and fell on chicken grease near a chicken merchandiser display in a Fred Meyer store in

28  Washington and, accordingly, she requested information relating to all "other slip and fall

incidents or accidents related to chicken displays or chicken grease [which] occurred inside any Fred Meyer Store in Washington, Oregon, Idaho, or Alaska." *Snyder v. Fred Meyer Stores, Inc.*, 2013 WL 3089405, *1 (W.D. Wash. June 18, 2013). There, the court found that, because the complaint sought to recover damages under a theory of premises liability, the request was reasonably calculated to lead to the discovery of admissible evidence. *Id*. at *2. The Court reasoned that "[i]f these incidents were common in Washington Fred Meyer stores, this evidence would tend to suggest that Fred Meyer either was aware or should have been aware that chicken grease and the [chicken merchandiser] displays were creating unsafe conditions in Fred Meyer stores, or that this unsafe condition was reasonably foreseeable in light of how often it had occurred in the past." *Id*. at *3. The court limited the production, however, to incidents occurring before the incident in question. *Id*.

Here, Defendant has agreed to produce accident reports for other slip and falls on the sidewalk outside the Smith's store involved in this litigation, but disputes whether it must produce accident reports for every Smith's store in Las Vegas. Docket No. 25, at 2. Defendant asserts that information about every Smith's store in Las Vegas is irrelevant because the sidewalk surface outside the Smith's store in question is different than the sidewalks in front of almost all other Smith's stores in Las Vegas. *Id*., at 3. According to Defendant, "*almost* every other Smith's store has 'standard' gray color concrete sidewalk," whereas the sidewalk at the store in question "was a brownish color and had a surface made up of polished concrete." *Id*. at 3 and 4, respectively (emphasis added). Defendant's counsel's affidavit states that 2-3 Smith's stores in the Las Vegas Valley have "the same polished concrete surface on the sidewalk as [the Smith's store in question]." Docket No. 25-1, at 3. Therefore, by Defendant's own admission, there are other Smith's locations in Las Vegas with similar polished sidewalks. Information relating to slip and fall incidents on those sidewalks, when wet,[1] is clearly discoverable. Such information would

---

[1] Slip and fall incidents which occurred on dry concrete are not relevant. The relevance of the incident reports depends upon their being used to show actual or constructive notice of an unsafe condition at the time of the incident. Incidents that occurred on dry concrete do not bear on this issue. The court can discern no other reason why documents from such incidents would be relevant, and accordingly rules that Defendant need not produce any documents related to incidents occurring on dry concrete.

tend to suggest that Defendant either was aware or should have been aware that wet polished sidewalks were creating unsafe conditions in front of Smith's stores, or that this unsafe condition was reasonably foreseeable in light of how often it had occurred in the past.

Information relating to slip and fall incidents on the standard gray sidewalks in front of other Smith's stores, however, is not discoverable in this case. Plaintiff fell on polished brown concrete, not standard gray concrete and, therefore, conditions involving standard-gray concrete are not relevant to this case.

Concerning Plaintiff's request for all slip and fall information for the Smith's store at issue, Defendant has indicated that it has already produced all slip and fall information relating to accidents which occurred outside the store at issue. Docket No. 25, at 2. Slip and fall incidents which may have occurred inside the store are not relevant because they would in no way implicate whether Defendant was aware or should have been aware that the sidewalks outside its stores were creating unsafe conditions when wet, or that this unsafe condition was reasonably foreseeable in light of how often it had occurred in the past.

Accordingly, the Court grants Plaintiff's Motion to Compel to the extent that it requests information about slip and falls that occurred on wet polished concrete outside of Smith's stores in Las Vegas during the three years prior to her incident.

## **CONCLUSION**

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Plaintiff's Motion to Compel Discovery Responses from Defendant (#19) is **GRANTED in part.**

IT IS FURTHER ORDERED that Defendant must produce information about slip and falls that occurred on wet polished concrete outside of Smith's stores in Las Vegas during the three years prior to Plaintiff's incident.

DATED this __2nd__ day of October, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge