1

2

3

4

5                     UNITED STATES DISTRICT COURT

6                          DISTRICT OF NEVADA

7                                * * *

8    VICKI SCHROEDER,                        Case No. 2:12-cv-02024-APG-NJK

9                  Plaintiff,
                                             ORDER DENYING DEFENDANT'S MOTION
10       v.                                  FOR SUMMARY JUDGMENT

11   SMITH'S FOOD & DRUG CENTERS, INC.,      (Dkt. No. 11)

12                 Defendant.

13

14

15   I.     BACKGROUND

16          The parties are aware of the factual and procedural background of this case.  In short, on

17   October 17, 2010, plaintiff Vicki Schroeder ("Schroeder") slipped and fell on the concrete

18   sidewalk immediately adjacent to the front door of a Smith's grocery store.  She claims

19   negligence—that Smith's breached its duty to "reasonably inspect, maintain, warn and/or make

20   the premises safe." (Dkt. No. 1-1 at 4.)  Smith's has moved for summary judgment, arguing that

21   "it had no duty to warn of the wet sidewalk outside the store caused by rainfall" and that it "did

22   not create the peril or subject [Schroeder] to the peril." (Dkt. No. 11 at 3.)

23

24   II.    ANALYSIS

25          A.     Legal Standard — Summary Judgment

26          The Federal Rules of Civil Procedure provide for summary adjudication when the

27   pleadings, depositions, answers to interrogatories, and admissions on file, together with the

28   affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is

1  entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  Material facts are those that may

2  affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A

3  dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to

4  return a verdict for the nonmoving party. *See id.*  "Summary judgment is inappropriate if

5  reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict

6  in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th

7  Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)).  A

8  principal purpose of summary judgment is "to isolate and dispose of factually unsupported

9  claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

10       In determining summary judgment, a court applies a burden-shifting analysis.  "When the

11  party moving for summary judgment would bear the burden of proof at trial, it must come

12  forward with evidence which would entitle it to a directed verdict if the evidence went

13  uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the

14  absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage*

15  *Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).  In contrast,

16  when the nonmoving party bears the burden of proving the claim or defense, the moving party

17  can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the

18  nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a

19  showing sufficient to establish an element essential to that party's case on which that party will

20  bear the burden of proof at trial. *See Celotex*, 477 U.S. at 323–24.  If the moving party fails to

21  meet its initial burden, summary judgment must be denied and the court need not consider the

22  nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

23       If the moving party satisfies its initial burden, the burden then shifts to the opposing party

24  to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith*

25  *Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the

26  opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient

27  that "the claimed factual dispute be shown to require a jury or judge to resolve the parties'

28  differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809

1    F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary

2    judgment by relying solely on conclusory allegations that are unsupported by factual data. *See*

3    *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the

4    assertions and allegations of the pleadings and set forth specific facts by producing competent

5    evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

6        At summary judgment, a court's function is not to weigh the evidence and determine the

7    truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249.

8    The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in

9    his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not

10    significantly probative, summary judgment may be granted. *See id.* at 249–50.

11        **B.**    **Legal Standard — Negligence Under Nevada Law**

12        To prevail on a traditional negligence theory, a plaintiff must demonstrate that "(1) the

13    defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, (3) the breach

14    was the legal cause of the plaintiff's injuries, and (4) the plaintiff suffered damages." *DeBoer v.*

15    *Sr. Bridges of Sparks Fam. Hosp.*, 282 P.3d 727, 732 (Nev. 2012). Whether a defendant was

16    negligent is generally a question of fact for the jury to resolve, and courts are reluctant to grant

17    summary judgment in negligence cases. *Harrington v. Syufy Enters.*, 931 P.2d 1378, 1380 (Nev.

18    1997). However, summary judgment is proper when the plaintiff cannot recover as a matter of

19    law. *Butler v. Bayer*, 168 P.3d 1055, 1063 (Nev. 2007). To establish entitlement to judgment as a

20    matter of law, the defendant must negate at least one of the elements of negligence. *Harrington*,

21    931 P.2d at 1380.

22        **C.**    **Smith's Evidence**

23        Attorney Kraemer's purported authentication of the video surveillance footage (Ex. A)

24    and the photographs (Ex. D) is insufficient because there is no indication that he has personal

25    knowledge of those exhibits. *See* FED. R. EVID. 901(b)(1); *Stewart v. Wachowski*, 574 F. Supp.

26    2d 1074, 1091 n.75 (C.D. Cal. 2005). His only admitted connection to the photos is that he

27    "received" them from Smith's. There is insufficient basis upon which a factfinder could find that

28    the video and photos are what they purport to be. FED. R. EVID. 901(a). Therefore, the Court

1   disregards the video and photos for purposes of summary judgment. *Orr v. Bank of Am., NT &*

2   *SA*, 285 F.3d 764, 773 (9th Cir. 2002) ("A trial court can only consider admissible evidence in

3   ruling on a motion for summary judgment. . . . Authentication is a condition precedent to

4   admissibility . . . and this condition is satisfied by evidence sufficient to support a finding that the

5   matter in question is what its proponent claims." (internal quotation marks and citations omitted)).

6         The engineering report by Christopher Grubbs, P.E. (Ex. F) is inadmissible. "Expert

7   opinion is admissible and may defeat summary judgment if it appears the affiant is competent to

8   give an expert opinion and the factual basis for the opinion is stated in the affidavit, even though

9   the underlying factual details and reasoning upon which the opinion is based are not." *Bulthuis v.*

10  *Rexall Corp.*, 789 F.2d 1315, 1318 (9th Cir. 1985) (per curiam). "Courts in this circuit have

11  routinely held that unsworn expert reports are inadmissible." *Harris v. Extendicare Homes, Inc.*,

12  829 F. Supp. 2d 1023, 1027 (W.D. Wash. 2011) (listing cases, including *Shuffle Master, Inc. v.*

13  *MP Games LLC*, 553 F. Supp. 2d 1202, 1210–11 (D. Nev. 2008)). Grubbs's report is unsworn;

14  he signed the report in his capacity as a professional civil engineer but the statements contained in

15  the report were not made under penalty of perjury. (*See* Dkt. No. 11-6 at 5.) Thus, the Court will

16  not consider Grubb's report.[1] *See Orr*, 285 F.3d at 773.

17        Likewise, the photographs submitted by Smith's are inadmissible because they are

18  unauthenticated. (*See* Dkt. No. 11-4.)

19      **D.**   **Open and Obvious Risk**

20        In *Foster v. Costco Wholesale Corp.*, the Nevada Supreme Court adopted the

21  *Restatement*'s approach to landowner liability. 291 P.3d 150, 155 (Nev. 2012). In relevant part,

22  the *Restatement* provides:

23

24        [1] Even if the Court considered Grubb's report, however, summary judgment would still be denied.

25  The report asserts that the slip resistance index (i.e., amount of friction) of the concrete sidewalk qualified as "slip-resistant," in accord with the standards articulated by a treatise about pedestrian slip resistance. At

26  most, the results of this report could prove that Smith's was not negligent per se. *See Vega v. E. Courtyard Assocs.*, 24 P.3d 219, 221–22 (Nev. 2001) (negligence per se instruction allowed where expert

27  testified that the building code was violated). But the duty of reasonable care is broader than the duty to comply with building codes and other applicable legal standards. *See Foster v. Costco Wholesale Corp.*,

28  291 P.3d 150 (Nev. 2012).

[A] land possessor owes a duty of reasonable care to entrants on the land with regard to: . . .

> (b) artificial conditions on the land that pose risks to entrants on the land; [and]

> (c) natural conditions on the land that pose risks to entrants on the land[.]

RESTATEMENT (THIRD) OF TORTS: PHYSICAL AND EMOTIONAL HARM § 51 (2012). Under this section, "landowners bear a duty of reasonable care to all entrants, regardless of the open and obvious nature of dangerous conditions." *Foster*, 291 P.3d at 156. "The duty issue must be analyzed with regard to foreseeability and gravity of harm, and the feasibility and availability of alternative conduct that would have prevented the harm." *Id.* (internal quotation marks and citation omitted). The existence of an open and obvious danger negates the duty to warn, but *Restatement* § 51 imposes on landowners a duty of reasonable care that is broader than the duty to warn. *See id.*

Here, even if the allegedly wet concrete was an open and obvious danger, Smith's still had a duty to take reasonable care with regard to risky conditions. Smith's admits as much: "Smith's does not dispute that it has a duty to make its premises reasonably safe for its customers[.]" (Dkt. No. 11 at 7.) Smith's contends instead that the issue is whether it breached this duty. It contends that it did not breach the duty because it did not have a duty to warn about the wet sidewalk and because it did not create the wet sidewalk or subject Schroeder to the wet sidewalk. (*Id.*) Smith's misunderstands the nature of the breach inquiry. Whether Smith's took reasonable care is a question of fact that depends on additional considerations. "In considering whether reasonable care was taken, the fact-finder must also take into account the surrounding circumstances, such as whether nearby [store] displays were distracting and whether the landowner had reason to suspect that the entrant would proceed despite a known or obvious danger." *Foster*, 291 P.3d at 156.

Even if Smith's did not create the wet sidewalk or subject Schroeder to the wet sidewalk, a reasonable jury could conclude that Smith's did not exercise reasonable care to make its premises safe. *See Anderson*, 477 U.S. at 248. For example, depending on the duration and intensity of the rain, Smith's could have provided high-traction ground covers or stationed someone outside the store to provide assistance to customers. The Court does not hold that

1  Smith's was required to take these steps, but a jury could reasonably conclude that something

2  beyond what Smith's actually did was necessary for Smith's to discharge its duty of reasonable

3  care.

4

5  **III.    CONCLUSION**

6        In accord with the above, the Court hereby DENIES Smith's motion for summary

7  judgment.

8

       DATED this 11th day of February, 2014.

9

10

11     ANDREW P. GORDON
       UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28