# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| VICKI SCHROEDER, | ) |
| Plaintiff, | ) Case No. 2:12-cv-02024-APG-NJK |
| vs. | ) ORDER |
| SMITH'S FOOD & DRUG CENTERS, INC., | ) |
| Defendant. | ) |

Before the Court is Defendant's Motion for Miscellaneous Relief - Request for Exemption from Settlement Conference. Docket No. 49. The Court has considered the motion, Plaintiff's response, and Defendant's reply in support of the motion. Docket Nos. 49, 51, 52. For the reasons discussed below, Defendant's motion is **DENIED**.

## I.  BACKGROUND

This case is currently scheduled for a Jury Trial on October 20, 2014. *See* Docket No. 47. On June 30, 2014, United States District Judge Andrew P. Gordon referred this matter to the undersigned for the scheduling of a settlement conference "when deemed appropriate." *Id*. That same day, the undersigned set a settlement conference for August 26, 2014. Docket No. 48. Two days after the scheduling of the settlement conference, Defendant filed the instant motion seeking to exempt itself from the settlement conference. The motion is premised on the following arguments: (1) Defendant "strongly feels that it was not negligent" (Docket No. 49, at 3); (2) Defendant "has made a corporate decision that it is willing to face the risk of an adverse verdict" and is therefore "not willing to consider settling this case for more than the cost of litigation" (*id.*, at 2); (3) Defendant should not be compelled to incur the expense of preparing for

1  and attending the conference (Docket No. 52, at 1), as well as incurring the expense of having a corporate
2  representative with binding settlement authority "travel from Ohio to Las Vegas" (Docket No. 49, at 3);
3  and (4) Defendant "does not see how a settlement conference can be beneficial" given that Plaintiff "has
4  never previously made a settlement demand in this case" (Docket No. 52, at 2).

5        Plaintiff opposes the request, arguing that there are "numerous benefits" to conducting a settlement
6  conference, including "the ability for the parties to obtain direct feedback" and a "third-party opinion ...
7  from a federal judge."  Docket No. 51, at 2.

**II.  DISCUSSION**

      This settlement conference was ordered by a United States District Judge.  Additionally, Defendant's motion does not include any points and authorities in support of the requested relief which, in itself, is grounds for denial of the motion.  *See* Local Rule 7-2(d) ("The failure of a moving party to file points and authorities in support of the motion shall constitute a consent to the denial of the motion."). Further, Defendant's unwillingness to attend a settlement conference because Plaintiff has never previously made a settlement demand underscores the need for a settlement conference.  As recognized by the court in *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481 (D. Ariz. 2003):

> The purpose of a settlement conference is to facilitate a settlement or to narrow the disparity between the parties by the candid input of a neutral, disinterested judicial officer.  Settling cases prior to the filing and resolution of dispositive motions benefits the court and the parties by reaching a just, speedy and inexpensive determination of an action consistent with Rule 1[.]  If a settlement is possible, it is imperative that both plaintiff and defendant arrive at a settlement conference with an open mind and a genuine willingness to meaningfully discuss the strengths and weaknesses of each party's case.

216 F.R.D. at 485.

      Even in the absence of an order from the District Judge, *see* Docket No. 47, the Court "may, in its discretion and at any time, set any appropriate civil case for settlement conference, summary jury trial, or other alternative method of dispute resolution."  *See* Local Rule 16-5.  The Ninth Circuit recently addressed this issue in *United States v. U.S. Dist. Court for the Northern Mariana Islands*, 694 F.3d 1051 (9th Cir. 2012), wherein it held that "the district court has broad authority to compel participation in a mandatory

settlement conference." 694 F.3d at 1057.  The district court's authority arises from "at least three different sources[,]" including Fed. R. Civ. P. 16(c)(1) ("If appropriate, the court may require that a party or its representative be present or reasonably available by other means to consider possible settlement"), 28 U.S.C. § 473(b)(5) (requiring courts as part of the civil justice reform act to consider "a requirement that, upon notice by the court, representatives of the parties with authority to bind them in settlement discussions be present or available by telephone during any settlement conference"), and a court's "inherent power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id*., at 1058 (citations and quotations omitted).  Finally, as articulated by the court in *Lockhart v. Patel*, 115 F.R.D. 44 (E.D. Ky. 1987), "[t]he authority of a federal court to order the attendance of attorneys, parties, and insurers at settlement conferences and to impose sanctions for disregard of the court's orders is so well established as to be beyond doubt."  115 F.R.D. at 45.

### III.    CONCLUSION

Based on the foregoing, Defendant's Request for Exemption from Settlement Conference (Docket No 49) is **DENIED**.[1]

IT IS SO ORDERED.

DATED: July 10, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] The Court will entertain a request for telephonic participation by the representative with binding authority.  Any such request must be filed no later than July 15, 2014.